<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS BENITEZ, | : | Civil No. 04-1183 (FLW) |
| Plaintiff, | : | |
| v. | : | **<u>OPINION</u>** |
| N.J. STATE PAROLE BD., et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    THOMAS BENITEZ**,** #245991B, Plaintiff <u>Pro Se</u>
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302

<u>WOLFSON</u>, District Judge:

    Plaintiff Thomas Benitez seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  The Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $150.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to forward an initial partial filing fee to the Clerk from Plaintiff's prison account; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $150.00 filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint.

### I.  BACKGROUND

Plaintiff sues the New Jersey State Parole Board for denying parole without due process of law.  Plaintiff asserts that on April 8, 2003, parole officials denied parole and determined an 18-month future eligibility term.  Plaintiff alleges that he appealed the decision and filed a motion for reconsideration.  He asserts that on February 4, 2004, he received a letter regarding the appeal referring to the expiration of a 180-day time frame.  Plaintiff complains that officials violated due process by failing to inform him of the decision within 14 days and failing to consider his appeal within 45 days.  He asks this Court to order his release from custody and to award compensatory damages for incarcerating him without sufficient reason.

### II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "In addition, under a notice

pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Soreman, 534 U.S. 506 511 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of the claim must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. Moreover, a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A prisoner's request for equitable relief releasing him from custody is not cognizable under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500.[1] If Plaintiff seeks federal review of his claim that he was unconstitutionally denied parole, the proper procedure is to present his constitutional claims to all three levels of the New Jersey courts and, after exhaustion of state court remedies, to file a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.

---

[1] See also Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies); Brown v. Fauver, 819 F. 2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under §1983).

Nor is Plaintiff's damage claim cognizable under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff seeks damages for incarceration beyond his parole eligibility date without sufficient reason. (Compl. ¶ 7.) A civil rights claim under § 1983 seeking damages for allegedly unconstitutional imprisonment is not cognizable under § 1983 if a favorable judgment would necessarily imply the invalidity of the confinement. Id. As the United States Supreme Court recently explained,

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005); accord Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

As shown above, neither Plaintiff's request for release nor his claim for damages for wrongful incarceration beyond his parole eligibility date is cognizable under 42 U.S.C. § 1983. The Court will therefore dismiss the Complaint without prejudice. Cf. United States v. Miller, 197 F.3d 644, 652 n.7 (3d Cir. 1999).

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint without prejudice.

s/Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.

DATED:      June 15   , 2005